# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF PENNSYLVANIA

**Lorene Barksdale,** in propria persona, acting solely in her **fiduciary and executrix capacity for the Capital L Living Estate Trust,**
Plaintiff –Appellant,
v.
**NEW AMERICAN FUNDING, LLC f/k/a Broker Solutions, Inc. d/b/a New American Funding;**
**FEIN, SUCH, KAHN & SHEPARD, P.C.;**
**and DOES 1–10 inclusive,**
Defendants –Appellees.

Civil Action No. 2:24-cv-01240-PLD
Hon. Judge Patricia L. Dodge

**FILED**

**NOV 10 2025**

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

Appeal to:
**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

Filed by:
**Lorene Barksdale**
in propria persona,
Authorized Executrix / acting solely in Fiduciary capacity
CAPITAL L LIVING ESTATE TRUST

## <u>NOTICE OF APPEAL</u>

Plaintiff–Appellant **Lorene Barksdale**, acting **in propria persona** and solely in her fiduciary capacity as **Authorized Executrix for the Capital L Living Estate Trust**, hereby provides notice pursuant to **Fed. R. App. P. 3 and 4(a)** that she appeals to the **United States Court of Appeals for the Third Circuit** from the **Final Judgment entered on** September 19, 2025, and from **all prior and subsequent adverse orders**, including the pending of relief under **Rule 60(b)(2) and (6).**

This Notice is timely under the Court's Order extending the deadline for appeal to **November 10, 2025**, and is further preserved by operation of **Fed. R. App. P. 4(a)(4)(B)(i)**, as Appellant's Rule 60(b) motion remains pending and is outcome-determinative.

Appellant invokes appellate jurisdiction under **28 U.S.C. § 1291.**

## REAL PARTY IN INTEREST – RULE 17(a)

This action is brought on behalf of the **Capital L Living Estate Trust,** the real party in interest pursuant to **Fed. R. Civ. P. 17(a)(1)(E).**
The Executrix is authorized to prosecute claims in her fiduciary capacity.
See **Navarro Sav. Ass'n v. Lee,** 446 U.S. 458 (1980);
**Certain Underwriters at Lloyd's v. Crown Cork & Seal Co.,** 705 F. Supp. 2d 474 (E.D. Pa. 2010).

## ISSUES PRESERVED FOR APPEAL

1. Whether the district court erred by entering judgment without considering **newly discovered material evidence** demonstrating securitization, true-sale treatment of the note, loss of holder-in-due-course status, accounting misstatements, and failure of consideration.
2. Whether denial of relief under **Rule 60(b)(2)/(6)** constituted abuse of discretion where Exhibits J and L are outcome-determinative and undiscoverable earlier with reasonable diligence.
3. Whether Appellant, as Executrix of an express trust, has standing under **Rule 17(a).**
4. Whether Defendants lacked standing to enforce the note because they cannot demonstrate **origination funding, possession, endorsement, or HDC status under UCC § 3-302,** thus rendering enforcement void.
5. Whether Plaintiff retains defenses, claims in recoupment, and set-off under **UCC §§ 3-305(c), 9-404(a)** because Defendants are mere assignees.
6. Whether the securitization and conversion of the note into **Ginnie Mae REMIC Trust 2022-144** constituted satisfaction under **functus officio,** requiring release of the instrument.

## RELIEF REQUESTED

Appellant respectfully requests that the Third Circuit:

1. **Reverse and vacate** the Final Judgment;
2. Remand with instructions to grant relief under **Rule 60(b)(2)/(6);**
3. Order consideration of Exhibits J & L and permit discovery;
4. Grant such additional relief as justice requires.

I, Lorene Barksdale declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed under penalty of perjury _10_ day of _November_ 2025 pursuant to 28 U.S.C. § 1746

Respectfully submitted,

/s/ _____, All Rights Reserved

Lorene Barksdale, *in propria persona*
Executrix Manager
c/o 231 Wainwright Avenue
McKeesport, Pennsylvania
(412) 867-7622
lorene.carter@ymail.com
Without Prejudice

## EXHIBIT / ATTACHMENT INDEX

The following exhibits are designated as part of the appellate record pursuant to Fed. R. App. P. 10.

Exhibits J and L were filed under seal at the District Court and are available to the reviewing Court upon request.

| Ex | Document | Notes |
|----|----------|-------|
| A | Notice of Appeal | Filed herewith |
| B | Final Judgment | Appealed Order |
| C | Extension Order | Nov. 10, 2025 deadline |
| D | Rule 60(b)(2)/(6) Motion | Pending |
| E | Property Securitization Audit (Ex. J) (Ginnie Mae REMIC 2022-144) | Under Seal |
| F | Accounting / Statement Analysis (Ex. L) (Ledger Misapplication / Cancellation Evidence) | Under Seal |
| G | Chain of Title Docs | Under Seal |
| H | Transfers / Endorsements | Under Seal |
| I | QWR / RESPA Correspondence | Filed- demonstrates repeated statutory requests & ongoing violations |
| J | Payment / Posting Evidence | Filed |

Lorene Barksdale, *in propria persona*
Executrix Manager
c/o 231 Wainwright Avenue
McKeesport, Pennsylvania
(412) 867-7622
lorene.carter@ymail.com
Without Prejudice

**Clerk of Court**
United States District Court
Western District of Pennsylvania

Re: Notice of Appeal
Case: Barksdale v. New American Funding, LLC, et al.
Civil Action No. 2:24-cv-01240-PLD
Hon. Judge Patricia L. Dodge

Dear Clerk of Court:

Enclosed for filing, please find the following documents submitted by **Plaintiff–Appellant, Lorne Barksdale, in propria persona, acting solely in her fiduciary and executrix capacity for the Capital L Living Estate Trust**, in connection with her appeal to the United States Court of Appeals for the Third Circuit:

1. **Notice of Appeal**
2. **Supporting Memorandum**
3. **Rule 10(b) Designation of Record**
4. **Exhibit Index**
5. **Certificate of Service**

Respectfully submitted,

/s/ _____, All Rights Reserved

Lorene Barksdale, *in propria persona*
Executrix Manager

# RULE 10(b) DESIGNATION OF RECORD ON APPEAL

Fed. R. App. P. 10(b)

Plaintiff–Appellant **Lorene Barksdale**, in propria persona, acting solely in her fiduciary and executrix capacity for the **Capital L Living Estate Trust**, hereby designates the following portions of the record to be included in the appellate record in this matter:

## I. Pleadings, Motions, and Filings
• Original Complaint
• First, Second, Third, and Fourth Amended Complaints
• All motions filed by Plaintiff–Appellant
• All opposition briefs and responses filed by Defendants
• All Orders and Opinions of the District Court
• All supporting declarations and affidavits

## II. Evidence / Exhibits Filed
• Exhibit J — Property Securitization Audit (Filed Under Seal)
• Exhibit L — Accounting / Statement Analysis (Filed Under Seal)
• Exhibit I — QWR / RESPA Correspondence (Filed)
Exhibit I contains a chronological set of Qualified Written Requests invoking 12 U.S.C. § 2605(e), requesting:

• Payoff verification
• Validation of debt
• Identification of note owner
• Loan-level accounting

Timeline summary:

• Nov 3, 2023 – Initial QWR & payoff/validation request
• Nov 13, 2023 – NAF acknowledgment / ext. request
• Nov 14, 2023 – NAF denial ("untimely")
• Apr 11, 2024 – Second QWR
• Apr 19, 2024 – NAF acknowledgment / ext. request
• Apr 22, 2024 – NAF refuses validation; attaches payment history only
• May 29, 2024 – FS Kahn letter: validation available upon written request
• July 10, 2024 – QWR + Affidavit of Notary Presentment mailed (cert. 9589…7361) — no validation ever received
• July 18, 2024 – NAF acknowledges creditor change (Ginnie Mae) yet still refuses validation

Despite repeated written demands, **no proper validation or payoff disclosure was provided,** constituting a violation of **12 U.S.C. § 2605(e).**

This exhibit demonstrates:
(1) persistent refusal to comply with RESPA;
(2) concealment of the real party in interest;
(3) failure to identify a lawful holder under UCC Article 3.

## III. Transcript(s)
No hearing transcripts were ordered because none exist / not required

## IV. Docket Sheet
Appellant designates the full civil docket.

Appellant reserves the right to supplement this designation if necessary.

Respectfully submitted,

/s/ _____, All Rights Reserved

Lorene Barksdale, *in propria persona*
Executrix Manager

# THIRD CIRCUIT MEDIATION REQUEST

### REQUEST FOR MEDIATION
(Loc. App. R. 33.1)

Appellant **Lorene Barksdale**, in propria persona, acting solely in her fiduciary and executrix capacity for the Capital L Living Estate Trust, respectfully requests referral to the Court's mediation / settlement program.

Grounds supporting mediation:

1. The issues involve mortgage-servicing practices, securitization, chain-of-title questions, Qualified Written Requests, and consumer credit statutes.
2. Substantial new accounting and securitization evidence shows numerical irregularities, involuntary conversion of the obligation, and assignment into Ginnie Mae REMIC 2022-144.
3. The underlying facts present a viable pathway to resolution through loan-level accounting reconciliation and/or discharge acknowledgment.
4. Mediation may conserve judicial resources and could efficiently resolve a dispute touching complex regulatory frameworks (RESPA, FDCPA, FCEUA, UCC).

Appellant believes good-faith negotiation may resolve all or part of this case and is willing to participate.

Executed under penalty of perjury 10 day of November , 2025 pursuant to 28 U.S.C. § 1746

Respectfully submitted,

/s/ _____, All Rights Reserved

Lorene Barksdale, *in propria persona*
Executrix Manager
c/o 231 Wainwright Avenue
McKeesport, Pennsylvania
(412) 867-7622
lorene.carter@ymail.com
Without Prejudice

# CERTIFICATE OF SERVICE

I, **Lorene Barksdale**, in propria persona and in my authorized executrix capacity for the Capital L Living Estate Trust, hereby certify that on **November 10, 2025**, I served true and correct copies of the following documents Certified Mail, receipt, tracking confirmation, and proof of delivery on:

• Notice of Appeal
• Supporting Memorandum
• Rule 10(b) Record Designation
• Exhibit Index

**Defendants' Counsel:**
Fein, Such, Kahn & Shepard, P.C.
6 Campus Drive, Suite 304
Parsippany, New Jersey 07054

**Registered Agent/Defendant**
Vincent DiMaiolo, Jr., Esq. vdimaiolo@feinsuch.com
Brian Kincaid bkincaid@fskslaw.com

# VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed under penalty of perjury 10 day of November, 2025 pursuant to 28 U.S.C. § 1746

# SIGNATURE

Respectfully submitted,

/s/ _____, All Rights Reserved

Lorene Barksdale, *in propria persona*
Executrix Manager
c/o 231 Wainwright Avenue
McKeesport, Pennsylvania
(412) 867-7622
lorene.carter@ymail.com
Without Prejudice

# Exhibit A

Notice of Appeal Filed herewith

Exhibit D is pending, Exhibits E and F are file under seal to be viewed and Exhibits under seal G and H show that the note was never properly transferred or endorsed into the REMIC trust, so the servicer and trust lack standing and never became holders in due course. Exhibit I is my written RESPA requests, which they ignored — that is a federal violation. Exhibit J under seal proves the accounting is inconsistent and shows the debt was extinguished through internal ledger conversion. Together, these documents demonstrate that the alleged creditor cannot enforce the debt and that the judgment must be reopened

# Exhibit B

Final Judgment and Appealed Ordered

based on frivolous arguments and positions.

"Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008). Barksdale has not pointed to any clear error of fact or law, presented relevant evidence that was not previously available or demonstrated the existence of an intervening change in the controlling law. Thus, her submissions do not support reconsideration of the judgment that was entered against her.

## III. Conclusion

Therefore, this 19th day of September 2025, it is ordered that Plaintiff's motion to alter or amend the judgment (ECF No. 58) is DENIED. This case is CLOSED.

It is further ORDERED that, under Rule 4 of the Federal Rules of Appellate Procedure, Plaintiff has thirty days from the date of this Order to file a Notice of Appeal with the Clerk of Court of this district.

BY THE COURT:

/s/Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

cc:   Lorene Barksdale
      231 Wainwright Avenue
      McKeesport, PA 15132

commenced on July 1, 2024. The docket in that action reflects that on July 19, 2024, Barksdale filed a document she called "Objections to Claims Set Forth." Among her "objections," which she never pursued in the foreclosure action, are matters subsequently raised in this federal court action. As reflected in the state court docket, Defendant was required to seek alternative service because the Allegheny County Sheriff was unable to serve Barksdale and the "objections" were never construed as a response to the Complaint. New American subsequently moved for default.

# Exhibit D

Rule 60(b)(2)/(6) Motion / Pending

# Exhibit E

Property Securitization Audit (Ex. J) **Under Seal**

# Exhibit F

Accounting / Statement Analysis (Ex. L) **Under Seal**

# Exhibit G

Chain of Title Docs **Under Seal**

These sealed records are the chain-of-title documents. They show who claims to have owned my
note at each stage. But they reveal that the note was transferred into a GNMA REMIC trust
without proper endorsements, meaning the party wanting to collect cannot prove lawful
ownership or enforcement rights. Without a complete and valid chain of title, there is no standing

# Exhibit H

Transfers / Endorsements **Under Seal**

These sealed documents show the endorsements and transfers of the note. They prove that none of the parties in this case ever obtained proper holder-in-due-course status. Because endorsements are incomplete or unauthorized, the trust and servicer cannot enforce the note. That means my defenses and claims in recoupment are still fully valid.

.

Lorene Barksdale
231 Wainwright Avenue
McKeesport, PA 15132

To: Patty and Rick Arvielo
NEW AMERICAN FUNDING, LLC
14511 Myford Rd#100
Tustin, CA 92780
1-800-450-2010

Re: Request for payoff on Loan Number 100060768

Dear Collections Manager

I am requesting a payoff statement from your office in accordance with 15 U.S. Code § 1639g - Requests for payoff amounts of home loan,15 U.S. Code § 1692g - Validation of debts, and 15 U.S. Code § 1601 et seq. – Truth in Lending Act (TILA) to ensure compliance.

Under Federal Statute a creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower.

Please forward the request for payoff accordingly

Respectfully,

_____/s/ grea_____, All Rights Reserved
Lorene Barksdale

Date: 11/03/2023

**naf newamerican FUNDING**

November 13, 2023

Lorene Barksdale
231 Wainwright Ave
Mckeesport, PA 15132

RE:  Loan 1000607068
     Property: 231 Wainwright Ave
              Mckeesport PA 15132

To Whom It May Concern,

New American Funding recently received your inquiry on 11-10-23.
Please accept this correspondence as acknowledgement of your inquiry.

Generally, we will respond with an answer to the dispute, error or
question within thirty (30) days (not including weekends and legal
public holidays).  We will do one of the following:

1)  Correct the error and confirm the correction in writing;

2)  After investigating the error, send you a written notice
    explaining why it was determined that no error occurred;

3)  Ask for additional information; or

4)  Inform you in writing that we seek an additional fifteen (15)
    days (not including weekends and legal public holidays) to
    investigate and respond to your notice of error, dispute or
    request for information.

If you have any questions or concerns, please feel free to contact us
at 800-893-5304 or complaints@nafinc.com.

Thank you,

New American Funding

CR001 / V.3 (03/21)

---

NEW AMERICAN FUNDING   |   8201 North FM 620, Suite #120, Austin, TX 78726 | PO Box 170581, Austin, TX 78717-0031
Telephone 1-800-893-5304 | Fax 1-800-880-0639 | TTY/TDD 1-844-249-9633

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. This notice
is required by the federal Fair Debt Collection Practices Act. If you or your account are subject to pending bankruptcy or the obligation referenced in this
letter has been discharged in bankruptcy, this letter/statement is for the informational purposes only and is not an attempt to collect a debt.



November 14, 2023

Lorene Barksdale
231 Wainwright Ave
Mckeesport, PA 15132

Loan Number:                          1000607068
Response to Dispute Received on:      November 10, 2023

This communication is from a debt collector. This an attempt to collect a debt, and any information obtained will be used for that purpose.

NOTICE: SEE ATTACHED FOR IMPORTANT INFORMATION

Dear Lorene Barksdale:

Please allow this letter to respond to your dispute referenced above. Per 15 USC 1692g subsection (b), the debt, or any portion thereof, may be disputed within the 30-day period described in subsection (a) thereof. Your request for debt validation is untimely under 15 USC 1692g as it is made past the permitted period described in subsection (a). As such, the obligation to verify the debt does not arise.

Thank you for allowing us the opportunity to respond to your request. If you have any questions, please do not hesitate to contact us at (800) 893-5304.

Sincerely,
New American Funding
(800) 893-5304

Lorene Barksdale
231 Wainwright Avenue
McKeesport, PA 15132

James Dimon
J.P. Morgan Chase & Co.
383 Madison Avenue
New York, New York 10179
212-270-6000

AND

To: Patty and Rick Arvielo
NEW AMERICAN FUNDING, LLC
14511 Myford Rd#100
Tustin, CA 92780
1-800-450-2010

Re: Request for payoff on Loan Number 100060768

Dear Collections Manager

I am requesting a payoff statement from your office in accordance with 15 U.S. Code §
1639g - Requests for payoff amounts of home loan,15 U.S. Code § 1692g - Validation of
debts, and 15 U.S. Code § 1601 et seq. – Truth in Lending Act (TILA) to ensure
compliance.

Under Federal Statute a creditor or servicer of a home loan shall send an accurate
payoff balance within a reasonable time, but in no case more than 7 business days,
after the receipt of a written request for such balance from or on behalf of the borrower.

Please forward the request for payoff accordingly

Respectfully,

_____/S/ _____, All Rights Reserved
Lorene Barksdale

Date: 04/11/2024



April 19, 2024

Lorene Barksdale
231 Wainwright Ave
McKeesport, PA 15132

RE:  Loan 1000607068
     Property: 231 Wainwright Ave
              Mckeesport PA 15132

To Whom It May Concern,

New American Funding recently received your inquiry on 04/18/24.
Please accept this correspondence as acknowledgement of your inquiry.

Generally, we will respond with an answer to the dispute, error or
question within thirty (30) days (not including weekends and legal
public holidays).  We will do one of the following:

1)  Correct the error and confirm the correction in writing;

2)  After investigating the error, send you a written notice
    explaining why it was determined that no error occurred;

3)  Ask for additional information; or

4)  Inform you in writing that we seek an additional fifteen (15)
    days (not including weekends and legal public holidays) to
    investigate and respond to your notice of error, dispute or
    request for information.

If you have any questions or concerns, please feel free to contact us
at 800-893-5304 or complaints@nafinc.com.

Thank you,

New American Funding

CR001 / V.3 (03/21)

NEW AMERICAN FUNDING | 8201 North FM 620, Suite #120, Austin, TX 78726 | PO Box 170581, Austin, TX 78717-0031
Telephone 1-800-893-5304 | Fax 1-800-880-0639 | TTY/TDD 1-844-249-9633

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. This notice
is required by the federal Fair Debt Collection Practices Act. If you or your account are subject to pending bankruptcy or the obligation referenced in this
letter has been discharged in bankruptcy, this letter/statement is for the informational purposes only and is not an attempt to collect a debt.

**naf** new**american**
**F U N D I N G**

April 22, 2024

Lorene Barksdale
231 Wainwright Ave
Mckeesport, PA 15132

Loan Number:                        1000607068
Response to Dispute Received on:    April 18, 2024

This communication is from a debt collector. This an attempt to collect a debt, and any information
obtained will be used for that purpose.
NOTICE: SEE ATTACHED FOR IMPORTANT INFORMATION

Dear Lorene Barksdale

Please allow this letter to respond to your dispute referenced above. Per 15 USC 1692g subsection (b),
the debt, or any portion thereof, may be disputed within the 30-day period described in subsection (a)
thereof. Your request for debt validation is untimely under 15 USC 1692g as it is made past the
permitted period described in subsection (a). As such, the obligation to verify the debt does not arise;
however, we are responding as a customer courtesy.

Attached please find the promissory note (including addendums) and related deed of trust executed by
you on July 22, 2022 and securing property located at 231 Wainwright Ave, McKeesport, PA 15132. The
last payment made on the mortgage account was applied to the May 1, 2023 payment. We are attaching
a copy of your payment history.

Per 15 US {1692g, we provide the following information:
Name and address of the original creditor:     Broker Solutions, Inc. dba New American Funding
                                                14511 Myford Rd #100, Tustin, CA 92780

Name and address of the current creditor:       Government National Mortgage Association
                                                c/o New American Funding, LLC
                                                (its attorney-in-fact and duly authorized loan servicer)
                                                8201 North FM 620, Suite 120
                                                Austin, TX 78726

Thank you for allowing us the opportunity to respond to your request. If you have any questions, please
do not hesitate to contact us.

Sincerely,
New American Funding
(800) 893-5304

New American Funding | 8201 North FM 620, Suite 120, Austin, TX 78726 | PO Box 170581, Austin, TX 78717-0031
Telephone 1-800-893-5304 | Fax 1-800-880-0639 | TTY/TDD 1-844-249-9633

Debt Validation Ltr                                                                          V2 4.27.20

Fein, Such, Kahn & Shepard, P.C.
7660 Imperial Way, Suite 121
Allentown, PA 18195
610-395-3535 from 8am to 5pm EST, Monday to Friday.
www.fskslaw.com

To: LORENE BARKSDALE
231 WAINWRIGHT AVENUE
MCKEESPORT PA 15132
**Account Number:** 1000607068
**Reference:** XNAFP032
**Notice Date:** May 29, 2024

**Fein, Such, Kahn & Shepard, P.C. is a debt collector.** We are trying to collect a debt that you owe to NEW AMERICAN FUNDING, LLC. We will use any information you give us to help collect the debt.

| Our information shows: | How can you dispute the debt? |
|---|---|

**Our information shows:**

**Total amount of the debt now:** $327,048.08

**How can you dispute the debt?**

- **Call or write to us by July 13, 2024, to dispute all or part of the debt.** If you do not, we will assume that our information is correct. If you write to us by July 13, 2024, we must stop collection on any amount you dispute until we send you information that shows you owe the debt.

- You may use the form below or you may write to us without the form. You may also include supporting documents. We accept disputes electronically at crdisputes@fskslaw.com

**What else can you do?**

Interest may subsequently continue to accrue to this account; therefore, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before processing your payment.

*See enclosed periodic statement for itemization of debt.*

<u>Notice</u>: See Page 2 for important information.

- Write to ask for the name and address of the original creditor. If you write by July 13, 2024, we will stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at crrequests@fskslaw.com.

- Learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you. Go to www.consumerfinance.gov.

- Contact us about your payment options.

Mail this form to:
Fein, Such, Kahn & Shepard, P.C.
7660 Imperial Way, Suite 121
Allentown, PA 18195
Attn: Dispute Department
Reference: XNAFP032

Respondent Information:

Name: _____

Signature: _____

**How do you want to respond?**
Check all that apply:

- ☐ **I want to dispute the debt because I think:**
  - ☐ This is not my debt.
  - ☐ The amount is wrong.
  - ☐ Other (please describe on reverse or attach additional information).

- ☐ **I want you to send me the name and address of the original creditor.**

- ☐ **I enclosed this amount:** [ $____ ]

Make your check payable to
Fein, Such, Kahn & Shepard, P.C.

Include the reference number XNAFP032.

## Important Information

- We are attempting to collect a debt and any information obtained will be used for that purpose. This notice is required by the Federal Fair Debt Collection Practices Act and does not imply that the mortgagee is attempting to collect money from anyone who is not an obligor on the loan or whose debt has been discharged under the bankruptcy or any other laws of the United States.

- If you are receiving this notice solely in your capacity as an Executor, Administrator, or other fiduciary role, or as an heir to an Estate, please be advised that we are not attempting to collect a debt against you personally.

- Please be advised that this firm has been retained to represent the aforementioned mortgage creditor. At this time no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

- This firm will only file a foreclosure suit in Pennsylvania and will not file suit anywhere outside of Pennsylvania. The law does not require that we wait until the end of July 13, 2024 before commencing suit against you in Pennsylvania to collect this debt except that if you request proof of the debt or the name and address of the original creditor by July 13, 2024 that begins upon your receipt of this notice, the law requires that we stop our collection efforts (through foreclosure in New Jersey) to collect the debt until we mail the requested information to you.

# AFFIDAVIT OF NOTARY PRESENTMENT

## CERTIFICATION OF MAILING

State of _Pennsylvania_ )
)ss.
County of _Allegheny_ )

On this _10th_ day of _July_, 20 _24_, for the purpose of verification, I, the undersigned Notary Public, being commissioned in the county and state noted above, do certify that Lorene Barksdale appeared before me with the following documents listed below. I, the undersigned Notary, personally verified that these documents were placed in an envelope and sealed by me. They were sent by United States Post Office Certified Mail receipt number

_9589 0710 5270 0871 1173 61_

### LIST OF DOCUMENTS TO BE CORRECT ORDER FOR VALIDATION AND VERIFICATION

1. Notice of request for validation and verification of Debt and Compliance with federal and state laws

WITNESS my hand and official seal.

_[signature]_                          _7/10/2024_                    (Seal)
NOTARY PUBLIC                          DATE

My commission expires: _July 13th_, 20 _28_

Commonwealth of Pennsylvania - Notary Seal
DESIREA A LEWIS - Notary Public
Allegheny County
My Commission Expires July 13, 2028
Commission Number 1375573

# Ultimate Foreclosure Challenge Document

**Lorene: Barksdale**
**231 Wainwright Avenue**
**McKeesport, Pennsylvania 15132**
**rene.carter38@gmail.com**
**412-867-7622**

**July 10, 2024**

**Government National Mortgage Association**
**In Care of: New American Funding, LLC**
**(it's attorney-in-fact and duly authorized loan servicer)**
**821 North FM 620, Suite 120**
**Austin, Tx 78726**

---

**Re: Notice of Request for Validation and Verification of Debt and Compliance with Federal and State Laws**

**Loan Number:** 1000607068
**Property Address:** 231 Wainwright Avenue McKeesport, PA 15132

---

**To Whom It May Concern:**

I am writing to formally request detailed validation and verification of the above-referenced debt pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g, and the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq. Additionally, I am requesting compliance with all relevant federal and state laws, including but not limited to the following:

**1. Proof of Ownership and Standing:**

- Provide the original promissory note with my wet-ink signature.

- Provide a complete chain of title from the origination of the loan to the present, showing all assignments, endorsements, and transfers of the promissory note and mortgage or deed of trust.

**2. Compliance with Securitization Requirements:**

- Provide evidence of compliance with the Pooling and Servicing Agreement (PSA) if the loan was securitized.

- Provide the Mortgage Loan Schedule and the complete PSA or Trust Agreement.

- Provide proof of delivery and acceptance of the note and mortgage into the trust, as required by the PSA.

**3. Documentation of All Transactions:**

- Provide copies of all transaction history, including payments made, fees assessed, and charges added to the account.

- Provide documentation showing the application of all payments received.

**4. Evidence of Debt Validation:**

- Provide a detailed account of how the alleged debt was calculated.

- Provide copies of the original loan application, the Good Faith Estimate, and the HUD-1 Settlement Statement.

- Provide an affidavit from an individual with personal knowledge of the account attesting to the validity of the debt and all documentation provided.

**5. Compliance with Federal and State Laws:**

- Provide proof of compliance with the Home Ownership and Equity Protection Act (HOEPA).

- Provide proof of compliance with the Real Estate Settlement Procedures Act (RESPA).

- Provide proof of compliance with all state-specific foreclosure procedures, including but not limited to proper notice of default, notice of acceleration, and notice of sale.

**6. Robo-Signing and Document Integrity:**

- Provide an affidavit attesting that no documents related to this loan have been robo-signed or improperly notarized.

- Provide a detailed explanation of the process used to verify the authenticity and accuracy of all documents.

## 7. Right to Foreclose:

- Provide evidence that the party initiating foreclosure has the legal right to do so, including proof that they are the holder in due course of the original promissory note and have the authority to enforce the mortgage or deed of trust.

- Provide a detailed account of any previous foreclosure actions taken on this loan and the outcomes of those actions.

---

## Failure to Comply:

Failure to provide the requested documentation and verification within 30 days will constitute a violation of federal and state laws and may result in legal action to challenge the validity of the foreclosure and the debt. Furthermore, any attempt to proceed with foreclosure without addressing these issues may be considered fraudulent and could result in penalties, fines, and other legal remedies. You fully understand and agree that all debts are settled in accord and full satisfaction

## Notice of Dispute:

Please consider this letter a formal dispute of the validity of the debt and the right to foreclose. Until all requested documentation is provided and verified, you are prohibited from proceeding with any foreclosure action.

## Request for Information and Intent to Litigate:

This letter also serves as a request for information under RESPA, and failure to respond adequately may result in legal action to enforce compliance and seek damages.

**Without Prejudice,**

**Lorene: Barksdale**

Attorney-in Fact for LORENE BARKSDALE



July 18, 2024


Lorene Barksdale
231 Wainwright Ave
McKeesport, PA 15132


| | |
|---|---|
| Loan Number: | 1000607068 |
| Response to Dispute Received on: | July 17, 2024 |

### NOTICE: SEE ATTACHED FOR IMPORTANT INFORMATION

Dear Ms. Barksdale,

Please allow this letter to respond to your dispute referenced above. New American Funding, LLC does not fall under the definition of a debt collector under the Fair Debt Collection Practices Act. Additionally, Pennsylvania does not require New American Funding, LLC to mail a validation of debts to you. As such, we were not required to send a debt validation notice and are also not obligated to respond to your purported dispute of debt.

As a customer courtesy, we are attaching a copy of your promissory note (including addendums), related deed of trust and payment history. Additionally, we are providing the below information regarding the Creditor on your loan:

| | |
|---|---|
| Name and address of the original creditor: | Broker Solutions, Inc. dba New American Funding<br>14511 Myford Rd #100, Tustin, CA 92780 |
| Name and address of the current creditor: | Government National Mortgage Association<br>c/o New American Funding, LLC<br>(its attorney-in-fact and duly authorized loan servicer)<br>8201 North FM 620<br>Suite 120, Austin, TX 78726 |

Attached is the assignment of the deed of trust to the current creditor.

Thank you for allowing us the opportunity to respond to your request. If you have any questions, please do not hesitate to contact us at (800) 893-5304.

Sincerely,
New American Funding, LLC


New American Funding | 8201 North FM 620, Suite 120, Austin, TX 78726 | PO Box 170581, Austin, TX 78717-0031
Telephone 1-800-893-5304 | Fax 1-800-880-0639 | TTY/TDD 1-844-249-9633

Ver. 05-24-2024

# Exhibit I

QWR / RESPA Correspondence

Between Nov. 3, 2023 and July 18, 2024, Appellant issued multiple RESPA QWRs requesting validation, payoff, ownership identification, and accounting. NAF delayed, denied obligations, and repeatedly failed to validate. On July 18, 2024, NAF listed "original" and "current" creditor names (including Ginnie Mae c/o NAF) but still refused to validate the debt or provide documentation. This constitutes violations of **12 U.S.C. § 2605(e)** and **15 U.S.C. § 1692g(b)** and directly supports Exhibits J and L demonstrating securitization, transfer, and lack of standing.

**Nov. 3, 2023** — First QWR
**Nov. 13, 2023** — Acknowledgment; extension request
**Nov. 14, 2023** — Denied as "untimely" (legally baseless)
**Apr. 11, 2024** — Second QWR
**Apr. 19, 2024** — Acknowledgment; extension request
**Apr. 22, 2024** — NAF denies obligation to verify; produces only payment history
**May 29, 2024** — FSK&S debt-collection letter; validation rights acknowledged
**July 10, 2024** — Formal validation/verification via affidavit presentment
(USPS 9589 0710 5270 0871 1173 61)
**July 18, 2024** — NAF acknowledges; failed to validate the debt but confirmed securitization transfer to Government National Mortgage Association (**Ginnie Mae**) consistent with Exhibit J

# Exhibit J

Payment / Posting Evidence **Under Seal**

Shows improper accounting + evidence the debt was cancelled

.

# Exhibit C

Extension Order Nov. 10, 2025

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Western District of Pennsylvania

## Notice of Electronic Filing

The following transaction was entered on 10/22/2025 at 2:55 PM EDT and filed on 10/22/2025

**Case Name:**      BARKSDALE et al v. NEW AMERICAN FUNDING, LLC et al
**Case Number:**    2:24-cv-01240-PLD
**Filer:**
**WARNING: CASE CLOSED on 08/13/2025**
**Document Number:** 69(No document attached)

**Docket Text:**
ORDER granting [67] Motion for Extension of Time to File Appeal. Plaintiff is granted until November 10, 2025 to file her notice of appeal in this case. Signed by Magistrate Judge Patricia L. Dodge on 10/22/2025. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (spc)

**2:24-cv-01240-PLD Notice has been electronically mailed to:**

Vincent DiMaiolo Jr.     vdimaiolo@feinsuch.com

Brian Kincaid   bkincaid@fskslaw.com

**2:24-cv-01240-PLD Filer must deliver notice by other means to:**

LORENE BARKSDALE
231 WAINWRIGHT AVENUE
MCKEESPORT, PA 15132